UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARREN COOK,<br><br>Plaintiff,<br><br>                -against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER CALEB LOUARD (Shield no. 7820 of the 79th precinct), JOHN DOE, JANE DOE (representing unidentified police officers employed in the by the NYPD's 79th precinct)<br><br>Defendants. | **COMPLAINT**<br><br>08 CV 5651 (SHS)(KNF)<br><br>Jury Trial Demanded |

**PRELIMINARY STATEMENT**

1.      This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under Fourth, Sixth, and Fourteenth to the United States Constitution and Article I, Section 12 of the New York State Constitution and of common law of the State of New York.   The case arises from a March 8, 2007 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to retaliation false arrest, excessive force, assault and battery, an illegal strip search, and fabricated evidence.

**JURISDICTION & VENUE**

2.      This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.   Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District.

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. The New York City Police department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

7. Police Officer Caleb Louard is a member of the NYPD's 79th precinct who violated plaintiff's rights as described herein. Louard is sued in his individual and official capacity.

8. John Doe and Jane Does are members of the NYPD's 79th precinct who acted in concert with defendant Louard in violating plaintiff's rights. John Doe and Jane Doe are sued in his individual and official capacities.

## STATEMENT OF FACTS

9. On March 8, 2007, at approximately 9:35 p.m., plaintiff was lawfully walking along Franklin Ave. in Brooklyn, New York, when he was approached by Officer Caleb Louard. Plaintiff was breaking no law. Police Officer Louard threw plaintiff to the ground,

pushing plaintiff's face into the ground, and handcuffing plaintiff excessively tight interfering with plaintiff's circulation.

10. Officer Louard, along with John and Jane Doe who were already in the police van, falsely alleged that plaintiff possessed crack cocaine. Plaintiff remained handcuffed in the police van for three hours while the police officers drove around looking for other arrestees.

11. Plaintiff was subsequently taken to the 79th Police Precinct and placed in a holding cell. While at the precinct, plaintiff was illegally strip-searched.

12. At approximately 2:00 a.m., plaintiff was taken to Brooklyn Central Booking to await arraignment.

13. While plaintiff was awaiting arraignment, the officers who arrested plaintiff met with a prosecutor employed by the Kings County District Attorney's Office.

14. The officers falsely stated to the prosecutor that plaintiff committed various crimes, including, unlawful possession of a controlled substance. In the officer's fictitious version of events, plaintiff, while standing on the sidewalk, possessed a quantity of crack cocaine.

15. The District Attorney' Office, based solely on the officers' false statements, filed charges against plaintiff.

16. Plaintiff was arraigned on March 9, 2007 at approximately 4:00 p.m.

17. Plaintiff was offered to plea to a violation of the law with a sentence of time served. When plaintiff refused this offer, bail was set and he was sent to Rikers Island.

18. On the morning of March 10, 2007 Plaintiff made bail and was released from Rikers Island.

19. In the following nine months plaintiff appeared in criminal court on eight occasions.

20. On November 7, 2007 a Mapp/Dunnaway hearing was held and the case was adjourned for trial.

21. On December 5, 2007 the District Attorney, sua sponte, dismissed all charges against plaintiff citing, 'inconsistencies in the officer's [Louard's] testimony".

22. As a result of defendants' actions, plaintiff suffered loss of freedom for 36 hours and was deprived of his liberty from March 6, 2007 to December 5, 2007. Moreover, plaintiff suffered pain, injuries to his wrists, emotional distress, mental anguish, fear, embarrassment, humiliation, anxiety.

**FEDERAL LAW CLAIMS AGAINST THE OFFICER LOUARD, JOHN DOE AND JANE DOE**

23. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-23 as if fully set forth herein.

24. The conduct of Police Officer Wilson Louard, John Doe and Jane Doe, as described herein, amounted to false arrest, excessive force, assault and battery, and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**FEDERAL LAW CLAIMS AGAINST THE CITY OF NEW YORK**

25. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-24 as if fully set forth herein.

26. The City of New York directly caused the constitutional violations suffered by plaintiff.

27. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

28. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

29. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    June 16, 2008
          New York, New York

Christopher D. Wright
305 Broadway, Suite 1400
New York, New York 10007
(212) 822-1419


By:


_____
CHRISTOPHER WRIGHT (CW-8079)

6